(Lucas County Court of Common Pleas.)

THE BOARD OF COMMISSIONERS OF LUCAS COUNTY, OHIO, v. CHARLES H JONES, Auditor of Lucas County, Ohio (No. 37,537).—JOSEPH HOFMAN, Surveyor of Lucas County, Ohio, v. THE BOARD OF COMMISSIONERS OF LUCAS COUNTY, OHIO (No. 37,540).

*Fees of County Officers.*

1. Payment to Auditor for making annual report for commissioners illegal.
2. Surveyor in stone road and ditch matters to be paid *per diem*, and not by line or word.

(Decided March 25, 1895.)

PRATT, J.

The case of *The Board of Commissioners of Lucas County, Ohio, v. Charles H. Jones, Auditor*, etc., was submitted to the three judges of this court upon an agreed statement of facts, and the purpose of the action is to recover back from said Jones, as county auditor, $100.00 that had been paid to him for making the annual report required to be made by the county commissioners. The question arises upon the construction of the statutes. Section 917, Revised Statutes, requires that:

" The county commissioners, annually, on or before the third Monday in September, shall make a detailed report, in writing, to the court of common pleas of the county, of their financial transactions during the year next preceding the time of making such report," etc.

This is a duty required of the county commissioners, and it is provided in the concluding portion of the section, as follows:

" And if any county commissioners in this state fail or neglect to make the report required of them by this chapter, at the time therein required, they shall be fined in any sum not exceeding one hundred dollars; and the prosecuting attorney of any such county shall prosecute in the court of common pleas, as is provided by law in similar cases, any one or all of such commissioners who neglect or refuse to publish the required statement as herein provided.

Now, we conclude that that makes it the specific duty of the county commissioners to make this report. Section 1021, however, provides that:

" The auditor, by virtue of his office, shall be the secretary of the county commissioners, except as otherwise provided by law ; he shall aid them, when requested, in the performance of their duties," etc.

The statute nowhere provides any compensation, either to the commissioners for the making of these reports required of them, or for the county auditor in aiding them in making that report, or in any of their duties. There is a further provision, in section 1078, that:

"The fees and compensation provided for by the foregoing sections shall be in full for all services lawfully required to be done by the auditors of such counties; and it shall be unlawful for any county auditor to charge or receive any other or further fees or compensation," etc.

Now, in view of the well known rule of law, that a public officer is bound to perform all the duties enjoined upon him by the statute, and that he shall receive such compensation only as the statute gives him, it seems to the judges to be, without question, the duty of the commissioners to make these reports and of the auditor to aid them in making them, and that anything paid to the commissioners, or to the auditor, for performing these duties would be illegal.

It was claimed by counsel, in argument, that under a statute passed last year, perhaps, there is a provision that the county commissioners may employ persons to perform necessary services and pay them reasonable amounts for such services. This statute is a very queerly constructed one, and it is difficult for anybody to tell what it means; but it would seem that where the report was made, as it is stated in this agreed statement of facts, by the auditor, that there could be, under the provisions of the law, no further payment made to him, whatever might be the rule in case the commissioners had employed somebody else to do it; and, so far as this case is concerned, the three judges are united in their opinions that the payment of one hundred dollars, or of any other sum, to the auditor, for the doing of this work which he is required to do, is illegal, and a judgment should be entered to recover it back, and a judgment will be so entered.

---

The case of *Hofman* v. *The Board of Commissioners*, No. 37,540, has given the judges no little trouble, on account of the complicated provisions of the statutes. The claim made is embraced in two classes of items: First, for making an assessment map of Stone road No. 20, charging for a certain number of lines at a certain amount, and a certain number of words and figures at a certain amount. As to this, there is, as I have stated, considerable confusion in the statutes; but we conclude that the matter may be simply solved by looking at two sections of the statute which seem to cover the question as to what the rule is for the fees to be allowed for work done on stone roads. Section 1183 is the one providing generally for the fees of county surveyors, and it is under this section that the fees have been charged, so far as this item is concerned. Looking, however, at section 4664 of the statute, we find that:

"All persons required to render services under this chapter shall receive compensation for each day they are necessarily employed, as follows, to wit: Viewers and reviewers, one dollar and fifty cents; chain carriers and markers, one dollar each; and surveyor, five dollars," etc.

It is claimed by counsel that section 4642, where it is provided that a skillful surveyor shall survey the same, and may be appointed, etc., provides that a different rule may apply; and there is a provision cited by counsel for the surveyor, passed in 1892, being section 1181 amended, which provides that the surveyor shall keep his office, etc.

"And whenever the services of an engineer are required with respect to roads, turnpikes, ditches or bridges, except in counties containing cities of the first or second grade of the first class, the county surveyor shall act as such engineer, and shall receive for his services such compensation as is provided by law for the services of an engineer in such cases."

Now, under the well known principles of construction of statutes, this section 1181, as it now stands, should be read right in with section 4664, and when you do so, as it seems to us, there can be no ground for any other construction than that he was to receive five dollars per day, and, for that reason, we think, so far as this item is concerned, the account as presented to the commissioners was properly by them rejected.

The other item in the bill is for making an assessment map of county ditch No. 253, being for a certain number of lines and a certain number of words, under section 1183, providing for the general fees of county surveyors. Now, so far as this is concerned, it seems to us that section 4506 of the statute governs. It provides in reference to county ditches, and in reference to fees, says:

" The surveyor or engineer, four dollars per day for the time actually employed on the work designated for him to do."

That seems to us to be conclusive of the matter, and we think it is unnecessary for us to go farther. We find, therefore, that so far as this item was concerned, it was properly rejected. Judgment will therefore be entered in this case in favor of the commissioners, with the provision, of course, which must be embodied in the journal entry, that this shall not prejudice plaintiff's right to present a new bill for the fees provided for in the statutes as we find them.

*J. A. Barber*, for Board of Commissioners.

*W. H. Harris*, for Jos. Hofman, County Surveyor.

*W. S. Thurstin*, for Chas. H. Jones, Auditor.